## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

WILLIAM STARBUCK,

        Plaintiff,

vs.

RJ. REYNOLDS TOBACCO
COMPANY, *et al*.,

        Defendants.

No. 3:09-CV-13250-WGY-HTS

**ORDER REGARDING
DEFENDANTS' MOTIONS FOR
JUDGMENT AS A MATTER OF
LAW AND PLAINTIFF'S MOTION
TO PERMIT JUROR INTERVIEWS**

_____

This case is before me, first, on the defendants' December 12, 2014, Motion For Judgment As A Matter Of Law On Plaintiff's Fraudulent Concealment And Conspiracy Claims (docket no. 210) and the defendants' December 12, 2014, Motion For Judgment As A Matter Of Law [On All Claims] (docket no. 211).  These motions were made at the conclusion of the evidence.  The jury's verdict was favorable to the defendants, and, consequently, these motions were not renewed after the verdict.  These motions are **denied as moot**.

This case is also before me on the plaintiff's December 30, 2014, Motion To Permit Juror Interviews (docket no. 252).  After it came to light that the jury foreperson had consulted dictionary definitions of "addiction" overnight, between sessions of jury deliberations, I questioned the foreperson outside the presence of the other jurors.  He stated that he told the other jurors that he looked up definitions of "addiction" and wrote them down, but that he did not "recollect showing them to them, because one of them said, I don't think you're allowed to bring that in here."  He also stated that, when the jurors received my response to his note, asking if they could use dictionary definitions,

he "ripped them [meaning the definitions that he had written down] up and threw them in the trash can." Trial Transcript, Vol. XI, 39:2-40:2. I then had each of the other jurors brought to the courtroom separately and asked each of them whether anyone had "described a dictionary definition of addiction to the jury during deliberations." All seven of the other jurors responded in the negative. The plaintiff now contends that his counsel should be allowed to conduct further interviews of the jurors, pursuant to Rule 606(b) of the Federal Rules of Evidence and Local Rule 5.01(d) of the Middle District of Florida. The plaintiff contends, in essence, that, based upon the record developed at trial, there is abundant reason to believe that the jury foreperson brought extraneous information into the jury room and discussed it with another juror or jurors after deliberations had started, but before a verdict was rendered. The plaintiff asserts that the limited inquiry that I conducted before discharging the jurors failed to reconcile the foreperson's statement with those of other jurors. The defendants resist any further interview of the jurors on the ground that I have already asked the only permissible question under Rule 606(b).

A district court's refusal to permit juror interviews is reviewed for abuse of discretion. *See United States v. Orisnord*, 483 F.3d 1169, 1179 (11th Cir. 2007). That discretion is guided by Local Rule 5.01(d) and Rule 606(b) of the Federal Rules of Evidence. Local Rule 5.01(d) provides, in pertinent part, "If a party believes that grounds for legal challenge to a verdict exist, he may move for an order permitting an interview of a juror or jurors to determine whether the verdict is subject to the challenge," and that "[t]he presiding judge may conduct such hearings, if any, as necessary, and shall enter an order denying the motion or permitting the interview." M.D. FLA. L.R. 5.01(d). Rule 606(b)(1) provides, "During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment." FED. R. EVID. 606(b)(1). The lone exception to this prohibition, relevant here, is that "[a] juror may testify about

whether . . . extraneous prejudicial information was improperly brought to the jury's attention." FED. R. EVID. 606(b)(2)(A).  The Supreme Court has explained, "As enacted, Rule 606(b) prohibited the use of *any* evidence of juror deliberations, subject only to the express exceptions for extraneous information and outside influences." *Warger v. Shauers*, ___ U.S. ___, ___, 135 S. Ct. 521, 527 (2014) (emphasis added).  I believe that it is clear that I have already made the only permissible inquiry here, that is, "whether . . . extraneous prejudicial information was improperly brought to the jury's attention." FED. R. EVID. 606(b)(2)(A); *Warger*, ___ U.S. at ___, 135 S. Ct. at 527. The answers from the jurors, with the exception of the foreperson, was no.  Contrary to the plaintiff's contentions, I do not find anything suggesting that the foreperson's testimony that he did not "recollect" if he shared dictionary definitions with any of the other jurors is irreconcilable with most of the other jurors' unequivocal statements that he did not, and one juror's statement that she "d[id]n't remember that." Trial Transcript, Vol. XI, 55:8-58:22.  Thus, permitting further inquiry of the jurors would be based on unsupported speculation and would permit an unduly intrusive fishing expedition.  *See, e.g., United States v. Venske*, 296 F.3d 1284, 1291 (11th Cir. 2002) (citing *United States v. Davila*, 704 F.2d 749, 454 (5th Cir. 1983), as noting that the principle purpose of Rule 606(b) and Local Rule 5.01(d) was to prevent "fishing expeditions in search of information with which to impeach jury verdicts").

Therefore, the plaintiff's December 30, 2014, Motion To Permit Juror Interviews (docket no. 252) is **denied**.

**IT IS SO ORDERED**.

**DATED** this 22nd day of January, 2015.

_____

MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA
VISITING JUDGE