UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDDIE O. STARBUCK, AS
PERSONAL REPRESENTATIVE OF
THE ESTATE OF WILLIAM
STARBUCK,

    Plaintiff,

v.                               Case No. 3:09-cv-13250-WGY-HTS

R.J. REYNOLDS TOBACCO
COMPANY, et al.,

    Defendants.

October 3, 2018

<u>MEMORANDUM RE: DEFENDANTS' NOTICE OF INVOKING SECTION 768.73(2),
FLORIDA STATUTES (DOC. 314) AND PLAINTIFF'S RESPONSE (DOC. 324)</u>

The Defendants have filed notice invoking their rights under Section 768.73(2)(a), Florida Statutes. (Doc. 314) ("Notice"). The Plaintiff has responded. (Doc. 324) ("Response"). The statute, which became effective on October 1, 1999, limits a defendant's exposure to punitive damages. The pertinent section states:

> Except as provided in paragraph (b), punitive damages may not be awarded against a defendant in a civil action if that defendant establishes, before trial, that punitive damages have previously been awarded against that defendant in any state or federal court in any action alleging harm from the same act or single course of conduct for which the claimant seeks compensatory damages. For purposes of a civil action, the term "the same act or single course of conduct" includes acts resulting in the same manufacturing defects, acts resulting in the same defects in design, or failure to warn of the same hazards, with respect to similar units of a product.

1

Fla. Stat. § 768.73(2)(a). Paragraph (b) creates an exception by which a jury may award additional punitive damages arising from the conduct described in paragraph (a) "if the court determines by clear and convincing evidence that the amount of prior punitive damages awarded was insufficient to punish the defendant's behavior." Fla. Stat. § 768.73(2)(b); however, "[a]ny subsequent punitive damage awards must be reduced by the amount of any earlier punitive damage awards rendered in state or federal court." Id.

The Defendants argue that because the Plaintiff's wrongful death action accrued on October 18, 2016, when William Starbuck died, the above statute governs. R.J. Reynolds and Philip Morris USA then point out that they have paid $338,000,000 and $83,000,000 in punitive damages, respectively, based on the same course of conduct that is the basis of Plaintiff's Engle-progeny lawsuit. As such, the Defendants argue that Section 768.73(2)(a) shields them from paying further punitive damages. Alternatively, the Defendants contend that even if the exception under Section 768.73.(2)(b) applies, any award "would have to be reduced on a dollar-for-dollar basis with all previously paid punitive damages awards for the same course of conduct." Notice at 1. The Defendants contend that they "have already paid out more in punitive damages than Plaintiff could constitutionally recover," such that even if

the 768.73(2)(b) exception applies, they still could not be required to pay further punitive damages.

The Plaintiff counters that the current version of Section 768.73 does not apply to her because Engle-progeny actions relate back to before the October 1, 1999 effective date of the statute. The pre-1999 version of the statute does not limit a defendant's exposure to punitive damages based on awards previously paid. See § 768.73, Fla. Stat. (1995).

**A. Ripeness**

As a preliminary matter, this "notice," insofar as it could be construed as a motion, is not ripe for decision. No jury has determined whether to award punitive damages, or even whether the Defendants are liable. Indeed, a jury could render the Defendants' argument moot were it to decide Defendants are not liable or were it to determine that punitive damages are not warranted. Defendants' argument appears premature. Nonetheless, as this Court has been designated responsible for the uniform treatment of a large number of this Engle progeny cases, it proceeds to the merits.

**B. Merits**

The Plaintiff points out, and the Defendants concede, that Florida's First, Second, and Fourth District Courts of Appeal have

rejected the Defendants' argument. Response at 1-2; Notice at 10. In R.J. Reynolds Tobacco Co. v. Allen, 228 So. 3d 684, 689-90 (Fla. 1st DCA 2017), R.J. Reynolds Tobacco Co. v. Evers, 232 So. 3d 457, 461-63 (Fla. 2d DCA 2017), and R.J. Reynolds Tobacco Co. v. Konzelman, 248 So. 3d 134, 135 (Fla. 4th DCA 2018), the district courts of appeal held that the pre-1999 version of Section 768.73 applies to Engle-progeny wrongful death claims. The courts in Allen and Evers observed that typically, "the applicable version of a statute is the one 'in effect when the cause of action arose,'" and that in wrongful death actions, "the cause of action accrues on the date of a decedent's death." Allen, 228 So. 3d at 689 (citations omitted); see also Evers, 232 So. 3d at 462. "However, Engle-progeny cases are different." Allen, 228 So. 3d at 689 (citing Engle v. Liggett Grp., Inc., 945 So. 2d 1246 (Fla. 2006)). The courts reasoned, in essence, that an Engle-progeny wrongful death claim is derivative of the smoker's cause of action, and that the smoker's cause of action accrued when the symptoms of a tobacco-related disease or condition manifested, which must have occurred no later than November 21, 1996. See Allen, 228 So. 3d at 689-90; Evers, 232 So. 3d at 463. Thus, the courts concluded that the statute in effect on November 21, 1996 must govern the award of punitive damages. As noted, that version of the statute does

not limit a defendant's liability for punitive damages based on awards previously paid.

As this is a diversity case, this Court is required to apply the substantive law of Florida. Starling v. R.J. Reynolds Tobacco Co., 845 F. Supp. 2d 1215, 1218 (M.D. Fla. 2011) (Dalton, J.) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). The Defendants (rightly) do not dispute that a plaintiff's entitlement to punitive damages under Section 768.73, Fla. Stat., and any limitations on the amount thereof, are substantive issues for Erie purposes. Thus, this Court must endeavor to apply Florida law in the same way as would the Florida Supreme Court. The Eleventh Circuit instructs that "[w]here the highest court — in this case, the Florida Supreme Court — has spoken on the topic, [federal courts] follow its rule. Where that court has not spoken, however, [federal courts] must predict how the highest court would decide this case." Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1348 (11th Cir. 2011)(citing Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc., 420 F.3d 1317, 1326 n. 5 (11th Cir.2005)). The Florida District Courts of Appeal "provide data for this prediction," and federal courts generally "must follow the decisions of these intermediate courts." Id. (citations omitted). The federal courts, however, "may disregard these

decisions if persuasive evidence demonstrates that the highest court would conclude otherwise." Id. (citations omitted).

The Florida Supreme Court has not expressly addressed which version of Section 768.73 applies to Engle-progeny wrongful death claims. All three intermediate courts to have addressed the question, however, have held that the pre-1999 version governs. Konzelman, 248 So. 3d 134 (4th DCA); Evers, 232 So. 3d 457 (2d DCA); Allen, 228 So. 3d 684 (1st DCA). No intermediate appellate court has held otherwise. Moreover, the Florida Supreme Court has raised no concern about the applicability of the pre-1999 version of the statute, as it continues to affirm punitive damage awards or hold that plaintiffs are entitled to pursue them in Engle-progeny cases. See, e.g., Schoeff v. R.J. Reynolds Tobacco Co., 232 So. 3d 294, 306-09 (Fla. 2017) (upholding $30 million punitive damages award); Soffer v. R.J. Reynolds Tobacco Co., 187 So. 3d 1219, 1221 (Fla. 2016) (holding that an Engle-progeny plaintiff was entitled to seek punitive damages on his negligence and strict liability claims).

These are powerful indications that the Florida Supreme Court would agree with the First, Second, and Fourth District Courts of Appeal, and hold that the pre-1999 version of Section 768.73 applies. That means that the Defendants' previous payments of

punitive damage awards does not shield them from paying further punitive damages here (were a jury so to conclude).

While the presiding district judge will ultimately determine this issue (should the jury verdict present it for determination) as a matter for pre-trial determination the Plaintiff may pursue punitive damages in this case.

**SO ORDERED.**

*[signature]*
WILLIAM G. YOUNG[1]
DISTRICT JUDGE

---

[1] Of the District of Massachusetts, sitting by designation